# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STATE OF GEORGIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. _____ |
| ) | |
| SUNG KIM, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL OF CRIMINAL ACTION TO FEDERAL COURT

Pursuant to 28 U.S.C. §§ 1442(a) and 1455, Defendant Sung Kim ("Defendant" herein), through counsel, Garland, Samuel & Loeb, P.C., hereby removes this action from the Superior Court of Fulton County to the United States District Court for the Northern District of Georgia, Atlanta Division. Copies of all process, pleadings, and orders served upon Sung Kim (Fulton County Grand Jury Indictments, Case No.: 22SC185426 and 22SC 185427) are attached to this Notice as Exhibits "D" and "E." This Notice of Removal is filed pursuant to 28 U.S.C § 1455. In support of its Notice, Defendant states the following:

1.

Sung Kim was an Atlanta Police Officer who served as a Special Deputy with the FBI (Exhibit "A") during all relevant times in this case and was also credentialed

as a special deputy United States Marshal. (Exhibit "B"). *See also* Exhibit "C*,"* Memorandum of Understanding between the FBI and the Atlanta Police Department. In 2012, he was transferred to FBI Atlanta's Violent Crimes Task Force, also known as the Atlanta Metropolitan Major Offenders (AMMO) Task Force. His primary duty is fugitive apprehension.

2.

On December 16, 2022, Officer Kim was indicted (two separate indictments) by the grand jury in Fulton County and charged with various offenses (including murder) in connection with the performance of his duties in pursuing and attempting to capture a fugitive who was wanted for armed robbery. (Indictments are attached as Exhibit "D" and "E"). He has not yet been arraigned on these charges in the Fulton County Superior Court.

3.

The facts reveal that Officer Kim was engaged in the pursuit of Jimmy Atchison on January 22, 2019. Kim was performing his duties as a member of the FBI Atlanta Metropolitan Major Offender (AMMO) Task Force. At all relevant times, Kim was acting under color of federal law, pursuant to his deputation as a member of the FBI AMMO Task Force.

4.

The circumstances surrounding the attempt to arrest Atchison, and the

ultimate shooting of Atchison, are documented in an FBI report January 31, 2019 (EXHIBIT "F"). In short, while Officer Kim was pursuing Atchison, Atchison fled and was ultimately found hiding in a closet. Knowing that Atchison had previously committed the offense of armed robbery (with a firearm), Kim ordered Atchison not to move. Disobeying this lawful command, Atchison raised his right arm in a fast motion. Reasonably fearing for his safety and the safety of his colleagues who were present in the room, Kim shot and killed Atchison.

5.

The federal removal statute permits removal of any "criminal prosecution that is commenced in a State court" against "any officer…of the United States or the agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals." 28 U.S.C. § 1442(a)(1). The removal statute "grant[s] district court jurisdiction over cases in which a federal officer is a defendant." *Mesa v. California*, 489 U.S. 121, 136 (1989). The statute is mandatory. *City of Norfolk, Va. v. McFarland*, 143 F. Supp. 587, 589 (E.D. Va. 1956). *See also State of Georgia v. Heinze and Hutchens*, 1:21-cv-04457-VMC, Dkt. 81 (N.D.Ga. October 25, 2022)

6.

To qualify for removal, a defendant need only show (1) that the conduct concerns actions undertaken as a federal officer, (2) "that the suit is 'for a[n] act

3

under color of office,'" and (3) that the defendant has raised "a colorable federal defense." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999) (quoting 28 U.S.C. § 1442(a)(3)). The notice of removal must simply contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1455(a).

7.

Under the Supremacy Clause of the U.S. Constitution, federal officers are immune from state prosecution if "(1) the federal agent was performing an act which he was authorized to do by the law of the United States and (2) in performing that authorized act, the federal agent did no more than what was necessary and proper for him to do." *Kentucky v. Long*, 837 F.2d 727, 744 (6th Cir. 1988). For an act to be "necessary and proper," "two conditions must be satisfied: (1) the actor must subjectively believe that his action is justified; and (2) that belief must be objectively reasonable." *New York v. Tanella*, 374 F.3d 141, 147 (2d. Cir. 2004) (citing *Whitehead v. Senkowski*, 943 F.2d 230, 234 (2d. Cir. 1991)). Courts must "evaluate the circumstances as they appear to [the] federal officer … at the time of the act in question, rather than the more subtle and detailed facts later presented to a court." *Wyoming v. Livingston*, 443 F.3d 1211, 1229 (10th Cir. 2006). Importantly, the removal statute "is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Mesa*, 489 U.S. at 133 (quoting *Willingham*, 395 U.S. at 409). "The

officer need not win his case before he can have it removed." *Willingham*, 395 U.S. at 407.

CONCLUSION

For the foregoing reasons, this case is subject to removal pursuant to 28 U.S.C. §§ 1442(a) and 1455.

This the 10th day of January, 2023.

RESPECTFULLY SUBMITTED,

GARLAND, SAMUEL & LOEB, P.C.

*/s/ Donald F. Samuel*
DONALD F. SAMUEL, ESQ.
Ga. State Bar No. 624475

3151 Maple Drive, N.E.
Atlanta, Georgia 30303
(404) 262-2225
dfs@gsllaw.com

# **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the within and foregoing **NOTICE OF REMOVAL OF CRIMINAL ACTION TO FEDERAL COURT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record and by hand delivery to the Fulton County District Attorney Office.

This the 10th day of January, 2023.

GARLAND, SAMUEL & LOEB, P.C.

/s/ *Donald F. Samuel*
DONALD F. SAMUEL, ESQ.
Ga. State Bar No. 624475

3151 Maple Drive, N.E.
Atlanta, Georgia 30303
(404) 262-2225
dfs@gsllaw.com